674 A.2d 581

IN THE MATTER OF STEVEN GROSSER,
AN ATTORNEY AT LAW.

April 29, 1996.

## ORDER

The Disciplinary Review Board having on October 18, 1995, filed with the Court its decision concluding that **STEVEN GROSSER** of **MONTVALE,** who was admitted to the bar of this State 1986, should be suspended from the practice of law for a period of two years by way of reciprocal discipline;

And the reciprocal discipline being based on respondent's disbarment in the State of New York for ten instances of professional misconduct, including neglect, failure to act with reasonable diligence, conduct involving dishonesty, fraud, deceit or misrepresentation, failure to release files after being discharged, failure to cooperate with disciplinary authorities, and conduct designed to limit liability to a client for malpractice, which conduct in New Jersey would be in violation of *RPC* 1.1, *RPC* 1.3, *RPC* 1.8(h), *RPC* 1.16(d), *RPC* 8.1(b) and *RPC* 8.4(d);

And the conclusion of the Disciplinary Review Board that respondent should be suspended from practice for two years rather than disbarred being based on the determination of the Board that the misconduct established warrants substantially different discipline than that imposed in New York, as provided by *Rule* 1:20–14(a)(4);

And good cause appearing,

It is ORDERED that **STEVEN GROSSER** of **MONTVALE** be suspended from the practice of law for a period of two years and until further Order of the Court, effective May 20, 1996; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.